IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM F. MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 1:05-0041 |
| v. ) | JUDGE HAYNES |
| ) | |
| R. JAMES NICHOLSON, SECRETARY, ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Plaintiff, William F. Morris, filed this pro se action under 5 U.S.C. § 522 against the Defendant, R. James Nicholson, Secretary, Department of Veterans Affairs ("VA") for the alleged disclosure of his personal information in connection with Plaintiff's administrative appeal.

Before the Court is the Defendant's motion to dismiss or in the alternative for summary judgment (Docket Entry No. 28), contending that the administrative record does no reveal any disclosure of Plaintiff's personal information and that the cited disclosure was in connection with the Plaintiff's administrative appeal of the VA's decision.

Plaintiff is a veteran receiving disability compensation based on his combined service connected disabilities. In September 2003, the VA's Nashville office[1] determined that Plaintiff had received an $8,857.36 in overpayment benefits and proposed that his benefit payments be

---

[1] See Morris v. Nicholson, No. 05-7013, Fed. Cir. February 15, 2005 (per curiam)(affirming a VA board decision; denying a petition for the writ of mandamus and dismissing for lack of subject matter jurisdiction under 38 U.S.C. §5272 Plaintiff's privacy claims)

temporarily reduced to liquidate the overpayment. In a letter dated October 3, 2003, the VA office informed Plaintiff of his right to appeal and to be represented stating in part, "We have no record of you appointing a service organization or representative to assist you with your claim." (Docket Entry No. 29, Exhibit B thereto, letter from Nashville VA Regional Office to William F. Morris dated October 3, 2003.

On December 19, 2003, Plaintiff requested VA to waive this overpayment due to personal hardship. Plaintiff attached to his request his financial status report listing his monthly income as $4,900, monthly expenses of $2,417, available cash totaling $50,000, stocks and other bonds of $300,00, real estate (including a farm and an office building, valued at $4,000, and a vehicle worth $7,000. Id. at Exhibit C thereto, Statement in Support of Claim [VA Form 21-4138] dated December 19, 2003, and attachment.

On February 11, 2004, the VA Office sent Plaintiff a letter denying his request for a waiver and attached a copy of a decision of the local committee on waivers and compromises that in its reasons of the denial, cited information that Plaintiff provided on his assets and liabilities. Id. at Exhibit D thereto, letter from Nashville VA Regional Office dated February 11, 2004. This February 11th letter contains a "cc" after the signature line reflecting a copy to the Veterans of Foreign Wars ("VFW"). Id.

Upon receipt of the letter, Plaintiff complained to the VA about its release of his personal information to the VFW in a claim dated February 13, 2004. Id. at Exhibit E thereto, Statement in Support of Claim [VA Form 21-4138] dated February 13, 2004. The VFW had been listed on Plaintiff's representative in the VA's computer records, but on April 20, 2004, the VA removed the VFW as Plaintiff's representative from its computer records. Id. at Exhibit F thereto,

2

Case 1:05-cv-00041   Document 36   Filed 09/26/07   Page 2 of 6 PageID #: 267

Affidavit of Mitchell Stephens; see Exhibit E, Statement in Support of Claim [VA Form 21-4138].

On March 5, 2004, Plaintiff filed a motion for a cease and desist order in the United States Court of Appeals for Veterans Claims on the denial of his request for a waiver and the VA's release of his personal information to the VFW. Id. at Exhibit G thereto, motion for a cease and desist order.

The personal information about which Plaintiff complains was actually sent to the Tennessee Department of Veterans Affairs ("TDVA"), a State agency that represents the VFW and several other service organizations. (Exhibit F, Affidavit of Mitchell Stephens). According to Roberta Sims, a TDVA representative, TDVA would return any letter to the VA's Nashville office when TDVA discovered that Plaintiff did not have a power of attorney with VFW. Id. at Exhibit H thereto, Affidavit of Roberta Simms.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes.

Plaintiff's claim is "brought pursuant to 5 U.S.C. 522," for a violation of Privacy Act. Five U.S.C. § 552a provides as follows:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency,

3

> except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [subject to 12 exceptions].

5 U.S.C. § 552a(b). The Privacy Act authorizes a civil action for a violation of its provisions:

> Whenever an agency . . . fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.
>
> * * *
>
> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the Untied States shall be liable to the individual in any amount equal to the sum of actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000.

5 U.S.C. § 552a(g)(1) (D) and (4).

To recover monetary damages for the government's improper disclosure of information, Plaintiff must prove: (1) that the information is covered by the Act as a "record" in a "system of records"; (2) that the agency "disclosed the information"; (3) that the disclosure had an "adverse effect" on the plaintiff in terms of "standing" and a causal nexus between the disclosure and its adverse effect(s); (4) that the disclosure was willful or intentional; and (5) that the plaintiff suffered actual damages. Whyde v. Rockwell Int'l Corp., 101 Fed. Appx. 997, 999 (6th Cir. 2004). In this context, "intentional" and "willful" have been held by the Sixth Circuit to be "somewhat greater than gross negligence." Mount v. United States Postal Serv., 79 F.3d 531, 533 (6th Cir. 1996).

Plaintiff's VA file reflected at some point that VFW had a power of attorney to represent Plaintiff. (Docket Entry No. 29, Exhibit E thereto, Statement in Support of Claim [VA Form

4

21-4138]; Exhibit F, Affidavit of Mitchell Stephens). Based upon this computer entry, the February 11, 2004, letter was copied to the TDVA, but was not sent to VFW. These circumstances reflect VA's negligence, not an intentional or willful act.

In any event, for the minimum statutory award of $1,000 in damages under the Privacy Act, Plaintiff must prove actual damages. Doe v. Chao, 540 U.S. 614, 620 (2004). "Actual damages under the Privacy Act do not include recovery for mental injuries, loss of reputation, embarrassment, or other non-quantifiable injuries." Hudson v. Reno, 130 F.3d 1193, 1207 (6th Cir. 1998). Plaintiff has not presented any proof of actual damages or a causal relationship of any actual damages to the disclosure. The Privacy Act does not authorize equitable relief for the conduct at issue here, Hanley v. United States Dep't of Justice, 623 F.2d 1138, 1139 (6th Cir. 1980) nor is there any proof of a likelihood of recurrence.

Plaintiff asserts another claim under 38 C.F.R. §§ 5701 and 7332. 38 U.S.C. § 5701 provides that VA benefits records are confidential and privileged and shall not be disclosed with specific exceptions. The statute, however, does not provide a penalty for disclosure of information, but does impose criminal sanctions for the release of a veterans's name or address for other than lawful purposes as described in 5710(f). Failure to comply with the confidentiality provisions of this statute or any regulation issued pursuant to that statute is subject to criminal sanctions described in 38 U.S.C. § 5710(f). 38 U.S.C. § 7332(g).

A violation of a Federal statute which results in harm to an individual "does not automatically give rise to a private cause of action in favor of that person." Cannon v. University of Chicago, 441 U.S. 677, 688 (1979). To determine whether a given statute creates a private right of action, the key inquiry is whether Congress intended to provide the plaintiff with

5

a private right of action. California v. Sierra Club, 451 U.S. 287, 293 (1981). Nothing in section 5710 or section 7332 suggests a congressional purpose of providing a private individual with a remedy in the form of an action for damages. Ellis v. Multomah County, 2004 WL 1636539 (D. Or. 2004).

To the extent that Plaintiff seeks damages against the VA or the Secretary, that claim is barred by sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 484-486 (1994). Although Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), recognizes an implied right of action for damages for Fourth Amendment violations by federal employees in their individual capacity, this remedy is inapplicable where Congress provides a comprehensive legislative scheme and a meaningful remedy for the wrong. Schweiker v. Chilicky, 487 U.S. 412 (1988). The Sixth Circuit has determined that the Privacy Act is such a comprehensive scheme. Downie v. City of Middleburg Heights, 301 F.3d 688 (6th Cir. 2002).

In sum, Plaintiff has failed to present proof to support a judgment on any claim of his claims under the Constitution, 38 U.S.C. § 5701, 38 U.S.C. § 7332, the Privacy Act, or for equitable relief.

Accordingly, the Defendant's motion for summary judgment (Docket Entry No. 28) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 26th day of September, 2007.

WILLIAM J. HAYNES, JR.
United States District Court